| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MADELYN MARINA QUIROZ; MARINA §
NAOMI HERNANDEZ QUIROZ, §
 §
 §
        Plaintiffs, §
 § NO. 1:23-cv-00273-MAC-ZJH
*v*. §
 §
EDUARDO HERNANDEZ;  CITY OF §
DAYTON; THEO MELANCON, CITY §
MANAGER; FNU DICKENSON, CITY §
MANAGER; ROBERT VINE, CHIEF; §
JOHN D. COLEMAN, DAYTON POLICE §
CAPTAIN; TERRI HUGHES, CID LT.; §
CAROLINE WEDZECK; KRISTEN §
SEIBERT;  CITY OF DAYTON FIRE §
DEPARTMENT; MURPHY GREEN; §
JENNIFER BERGMAN HARKNESS, §
LIBERTY COUNTY DISTRICT §
ATTORNEY; MATTHEW POSTON, §
LIBERTY COUNTY ATTORNEY; §
MATTHEW SALDANA;  CITY OF §
LIBERTY TEXAS; KATELYN GRIMES; §
ALLEGIANCE MOBILE HEALTH §
MEDICAL SERVICE; STEVE SMITH; §
RAMJI LAW GROUP; JAMEY WAYNE §
BICE; STEPHANIE LEE BLUM BICE; §
MORGAN SKYE WHITE; UNION §
PACIFIC RAILROAD COMPANY; §
ADAM RAMJI, §
 §
        Defendants. §

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 17, 2023, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management.  Pending before the court are four motions to dismiss:

(1) Defendants Liberty County District Attorney Jennifer Bergman Harkness, Liberty County Attorney Matthew Poston, and Liberty County Assistant Attorney Matthew Saldana (collectively, "the Liberty County Defendants")'s *Motion to Dismiss Plaintiffs' Second Corrected Amended Complaint* (Doc. No. 20);

(2) Defendants Allegiance Mobile Health Medical Service and Steve Smith (collectively, "the Allegiance Defendants")'s *Motion to Dismiss Plaintiffs' Second Corrected Amended Complaint* (Doc. No. 21);

(3) City of Liberty Defendants' *Motion to Dismiss Plaintiffs' Second Amended Complaint* (Doc. No. 23); and

(4) City of Dayton Defendants' *Corrected Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint* (Doc. No. 24).

On July 30, 2024, Judge Hawthorn issued his Report and Recommendation (Doc. No. 43), which recommends granting all four motions to dismiss. On August 13, 2024, Plaintiffs filed a *Motion for Default Judgment as to Eduardo Hernandez* (Doc. No. 44) and *Objections* to Judge Hawthorn's report (Doc. No. 45). On August 20, 2024, the City of Dayton Defendants filed a *Response to the Objections* (Doc. No. 48), and the City of Liberty Defendants filed a *Response to the Objections* (Doc. No. 49). On August 27, 2024, the Allegiance Defendants filed a *Response to the Objections* (Doc. No. 52). On September 4, 2024, the Plaintiffs filed a *Reply to the Defendants' Responses* (Doc No. 53).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Plaintiffs' objections. The court finds that Judge Hawthorn's findings and conclusions of law are correct, and that Plaintiffs' objections are without merit.

1. **<u>Objection 1</u>: The Report and Recommendation failed to address Plaintiffs' request for leave to amend their complaint.**

Plaintiffs contend that Judge Hawthorn failed to address their request for leave to amend their complaint. Doc. No. 45 at 2, 4, 7. Plaintiffs are correct that Judge Hawthorn did not make a specific finding on whether leave to amend should be granted. However, the court finds that allowing Plaintiffs to amend their complaint for the fourth time would be futile. First, Plaintiffs do not have the right to amend their complaint as a matter of course under FED. R. CIV. P. 15(a)(1). Second, although FED. R. CIV. P. 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires," it is within the district court's discretion to grant or deny leave to amend. *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "A district court should examine five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (internal quotations and alterations omitted).

Regarding the fifth element, "[t]he liberal amendment rules . . . do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *United States ex rel. Jackson v. Univ. of N. Texas*, 673 F. App'x 384, 388 (5th Cir. 2016). "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010).

The court agrees with Judge Hawthorn's recommendations on the instant motions. The Liberty County Defendants are entitled to Eleventh Amendment immunity and absolute

3

prosecutorial immunity. Doc. No. 43 at 10. Plaintiffs' claims against the Allegiance Defendants, Grimes, City of Dayton Fire Department, Wadzeck, and Green are time-barred. *Id.* at 13, 18–19. Plaintiffs fail to state a claim against the City of Liberty. *Id.* at 17. Plaintiffs' official capacity claims against Defendants Seibert, Melancon, Vine, Coleman, and Hughes are redundant of their claims against the City of Dayton and should be dismissed. *Id.* at 21. Plaintiffs fail to state a *Monell* claim against the City of Dayton. *Id.* at 23. Plaintiffs also fail to state a claim against Defendants Ramji Law Group, Adam Ramji, Jamey Wayne Bice, Stephanie Lee Blum Bice, Morgan White, and Union Pacific Railroad Company. *Id.* at 24.

Plaintiffs have amended their complaint three times. *See* Doc. Nos. 4, 17, 18. The court finds that Plaintiffs have had a fair opportunity to plead sufficient facts supporting their claims and is unpersuaded that allowing Plaintiffs to amend their complaint for the fourth time would cure the numerous deficiencies in their operative complaint. Accordingly, this objection is overruled, and Plaintiffs' request for leave to amend their *Corrected Second Amended Complaint* (Doc. No. 18) is denied.

2. **Objection 2: Plaintiffs' claims against the Allegiance Defendants are not timely because the relation back doctrine applies and tolls the statute of limitations.**

Plaintiffs contend that their claims against the Allegiance Defendants are timely. Doc. No. 45 at 3. Additionally, Plaintiffs contend that the relation back doctrine applies because Plaintiffs misidentified the City of Dayton as the provider of emergency medical services when the proper defendants were the Allegiance defendants. *Id.* at 4. This objection merely restates Plaintiffs' prior argument, which Judge Hawthorn thoroughly considered and rejected in his Report. Doc. No. 43 at 14–16. The court agrees with Judge Hawthorn's conclusion that Plaintiffs fail to establish misidentification or misnomer sufficient to invoke the relation back

doctrine under FED. R. CIV. P. 15(c) or TEX. CIV. PRAC. & REM. CODE § 16.068. *Id.* at 15–16. The court also agrees with Judge Hawthorn's conclusion that Plaintiffs' negligence and constitutional claims against the Allegiance Defendants are time barred. *Id.* at 16. Accordingly, this objection is overruled.

3. **Objection 3: The Report and Recommendation erroneously determined that Plaintiff failed to allege Allegiance was a state actor.**

Plaintiffs vaguely contend that "[t]he recommendations erroneously determined that Plaintiff failed to allege Allegiance was a state actor but the facts clearly contradict that assertion." Doc. No. 45 at 4. Judge Hawthorn made no finding as to whether Defendant Allegiance Mobile Health was a state actor. Rather, in his Report, Judge Hawthorn merely summarized the Allegiance Defendants' contention that "Plaintiffs fail to allege that the Allegiance Defendants are state actors." Doc. No. 43 at 11. However, Judge Hawthorn did not reach that argument because he first concluded that Plaintiffs' claims against the Allegiance Defendants are time barred. Doc. No. 43 at 11. The court agrees with Judge Hawthorn's conclusion. Accordingly, this objection is overruled.

4. **Objection 4: The Report and Recommendation failed to address Plaintiffs' medical negligence claims.**

Plaintiffs argue, in conclusory fashion, that Judge Hawthorn failed to address their medical negligence claims. Doc. No. 45 at 4. Judge Hawthorn discerned only two negligence claims alleged in Plaintiffs' operative complaint and addressed both claims in the instant Report. Doc. No. 43 at 11–13, 25. Judge Hawthorn correctly concluded that Plaintiffs' medical negligence claims against the Allegiance Defendants are time barred. Doc. No. 43 at 11–13. Additionally, Judge Hawthorn recommended that the court should decline to exercise supplemental jurisdiction over Plaintiffs' negligence claim against Defendant Hernandez and

5

dismiss this claim without prejudice. Doc. No. 43 at 25. The court agrees with these recommendations and concludes that Judge Hawthorn properly considered Plaintiffs' negligence claims. While Plaintiffs' operative complaint is replete with conclusory mentions of the word "negligence," the court cannot discern any other plausible negligence claims. *See generally* Doc. No. 18. Accordingly, this objection is overruled.

5. **Objection 5: Plaintiffs' claims against Defendants Hernandez, Ramji Law Group, Ramji, Jamey Wayne Bice, Stephanie Lee Blum Bice, White, Allegiance, Steve Smith, and Union Pacific should not be dismissed without prejudice.**

Plaintiffs urge the court not to dismiss their claims against Defendants Hernandez, Ramji Law Group, Ramji, Jamey Wayne Bice, Stephanie Lee Blum Bice, White, Allegiance, Steve Smith, and Union Pacific. Doc. No. 45 at 4–5. Judge Hawthorn correctly concluded that Plaintiffs "fail to plead sufficient facts to establish a cognizable cause of action" against the Ramji Law Group, Adam Ramji, Jamey Wayne Bice, Stephanie Lee Blum Bice, Morgan White, and Union Pacific Railroad Company. Doc. No. 43 at 23–24. The court finds this objection unavailing, and accordingly, it is overruled.

6. **Objection 6: The Court should not decline to exercise supplemental jurisdiction until Plaintiff has an opportunity to seek default judgment against the parties who failed to respond.**

Plaintiffs object to Judge Hawthorn's recommendation that the court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against various defendants. Doc. No. 45 at 5. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. This decision is within the discretion of the district court. The court finds Plaintiffs' conclusory objection to Judge Hawthorn's recommendation unavailing, and accordingly, it is overruled.

7. **Objection 7: The Liberty County Defendants are not entitled to prosecutorial immunity from any of Plaintiffs' claims brought against them in their individual capacities.**

Plaintiffs assert that their claims against the Liberty County Defendants are not barred by absolute prosecutorial immunity because prosecutorial immunity applies only to acts of advocacy, and not to administrative and "police-type" investigative acts. Doc. No. 45 at 6. Judge Hawthorn properly considered Plaintiffs' claims against the Liberty County Defendants in both their official and individual capacities in his Report. Doc. No. 43 at 8–10. Judge Hawthorn correctly concluded that Plaintiffs' claims against the Liberty County Defendants in both their official and individual capacities arise from the "Defendants' alleged decisions not to file criminal charges against certain individuals." *Id.* at 9–10. Judge Hawthorn also correctly concluded that the Liberty County Defendants are entitled to Eleventh Amendment immunity for official capacity claims and absolute prosecutorial immunity for individual capacity claims arising from their decisions not to file criminal charges. *Id.*

Therefore, the court finds this objection without merit, and it is accordingly overruled. Plaintiffs also request leave to amend their operative complaint regarding this claim. Doc. No. 45 at 6–7. For the reasons discussed above, the court concludes that a fourth amended complaint would be futile, and accordingly, this request is denied.

It is, therefore, ORDERED that Plaintiffs Madelyn Marina Quiroz and Marina Naomi Hernandez Quiroz's *Objections to Report and Recommendation* (Doc. No. 45) are OVERRULED.

It is further ORDERED that Judge Hawthorn's Report and Recommendation (Doc. No. 43) is ADOPTED.

It is further ORDERED that Defendants Liberty County District Attorney Jennifer

7

Bergman Harkness, Liberty County Attorney Matthew Poston, and Liberty County Assistant Attorney Matthew Saldana's *Motion to Dismiss Plaintiffs' Second Corrected Amended Complaint* (Doc. No. 20) is GRANTED.

It is further ORDERED that Defendants Allegiance Mobile Health Medical Service and Steve Smith's *Motion to Dismiss Plaintiffs' Second Corrected Amended Complaint* (Doc. No. 21) is GRANTED.

It is further ORDERED that City of Liberty Defendants' *Motion to Dismiss Plaintiffs' Second Amended Complaint* (Doc. No. 23) is GRANTED.

It is further ORDERED that City of Dayton Defendants' *Corrected Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint* (Doc. No. 24) is GRANTED.

Accordingly, Plaintiffs' claims against Defendants Liberty County District Attorney Jennifer Bergman Harkness, Liberty County Attorney Matthew Poston, Liberty County Assistant Attorney Matthew Saldana, Allegiance Mobile Health Medical Service, Steve Smith, City of Liberty, Katelyn Grimes, City of Dayton, the City of Dayton Fire Department, Caroline Wadzeck, Theo Melancon, Robert Vine, John D. Coleman, Terri Hughes, Kristen Seibert, Murphy Green, Ramji Law Group, Adam Ramji, Jamey Wayne Bice, Stephanie Lee Blum Bice, Morgan White, and Union Pacific Railroad Company are DISMISSED WITH PREJUDICE.

Plaintiffs' claims against Defendant Eduardo Hernandez are DISMISSED WITHOUT PREJUDICE. Plaintiffs' *Motion for Default Judgment* (Doc. No. 44) is DENIED AS MOOT.

The court will enter a Final Judgment separately.

SIGNED at Beaumont, Texas, this 12th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE